IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

LINCOLN D. FINLEY,

    Plaintiff,

  v.

JAMES FISHER, et. al.,

    Defendants.

No. C 14-0913 RS

**ORDER DENYING PLAINTIFF'S "APPLICATION FOR AN EMERGENCY INJUNCTION"**

## I. INTRODUCTION

Plaintiff Lincoln D. Finley, appearing *in pro se*, seeks what would ordinarily be called a temporary restraining order ("TRO") in connection with criminal proceedings apparently pending against him in state court. Because Finley has not met his burden to show relief is warranted, his application will be denied.

## II. LEGAL STANDARD

A TRO may be granted upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ.

P. 65(b)(1)(A). The purpose of such an order, as a form of preliminary injunctive relief, is to preserve the status quo and prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974). A request for a TRO is evaluated by the same factors that generally apply to a preliminary injunction, *see Stuhlbarg Int'l. Sales Co. v. John D. Brushy & Co.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001), and as a form of preliminary injunctive relief, a TRO is an "extraordinary remedy" that is "never granted as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Rather, the moving party bears the burden of demonstrating that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20. Alternatively, if the moving party can demonstrate the requisite likelihood of irreparable harm, and show that an injunction is in the public interest, a preliminary injunction may issue so long as there are serious questions going to the merits and the balance of hardships tips sharply in the moving party's favor. *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

## III. DISCUSSION

Finley initiated this action by filing what he labeled as a "petition for writ of certiorari," which the then-assigned judicial officer construed as a complaint, and dismissed, with leave to amend in part. Finley subsequently filed a "petition for a writ of prohibition." It is unclear whether this subsequent pleading was intended to be the amended complaint allowed by the dismissal order, or a request for some other form of relief. While the subsequent pleading provides additional facts regarding Finley's arrest in 2012 and the resulting criminal proceedings against him, it otherwise does not cure the defects identified in the dismissal order, including the fact that the judicial officers and others he names as apparent defendants are entitled to absolute immunity.

Finley's present application for a TRO asserts that he is in fear for his life and that he is being held in "slavery and debt bondage" by the Alameda District Attorney's office. While the nature of the injunctive relief he seeks is not entirely clear, it appears he desires an order from this court restraining the state court criminal proceedings from going forward.

1  Under the applicable authorities, to prevail, Finley must demonstrate likely success on the
2  merits, *Winter*, 555 U.S. at 20, or at least serious questions going to the merits. *Wild Rockies*, 632
3  F.3d at 1131. This he has not done. For the reasons set forth in the dismissal order, the original
4  complaint set forth no cognizable claim. The subsequent pleading, even if intended as an amended
5  complaint, largely fails to address those defects. The bare assertions in the application for
6  injunctive relief of supposed violations of Finley's rights are insufficient to establish a likelihood of
7  success, or even serious questions, on the merits, and there would be no jurisdiction to restrain the
8  state court criminal proceedings in any event. Accordingly, there is no basis for entry of a TRO or
9  even an order to show cause why preliminary relief should not issue. The application is denied.

11  IT IS SO ORDERED.

13  Dated: 4/15/14

              RICHARD SEEBORG
14                UNITED STATES DISTRICT JUDGE