UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINCOLN D. FINLEY,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES FISCHER, et al.,<br><br>    Defendants. | Case No. 14-cv-00913-RS<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT, WITH LEAVE TO AMEND** |

Appearing *in pro se*, plaintiff Lincoln D. Finley initiated this action by filing what he labeled as a "petition for writ of certiorari," which the then-assigned judicial officer construed as a complaint, and dismissed, with leave to amend in part. Finley subsequently filed a first amended complaint (Dkt. No. 16, entitled simply "Complaint). The amended pleading is subject to a mandatory and *sua sponte* review and dismissal if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Section 1915(e)(2) mandates that the court reviewing an *in forma pauperis* complaint make and rule on its own motion to dismiss before directing that the complaint be served by the United States Marshal pursuant to Federal Rule of Civil Procedure (Rule) 4(c)(2). *Lopez*, 203 F.3d at 1127; *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that the language of § 1915(e) (2)(B)(ii) parallels the language of Federal Rule of Civil Procedure ("Rule") 12(b)(6)). As the United States

Supreme Court has explained, "[the *in forma pauperis* statute] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).

The amended complaint cures none of the defects identified in the prior order of dismissal. Finley continues to attempt to assert claims against state judicial officers who enjoy absolute immunity from such claims, and as to which he was not granted leave to amend. Although he was permitted to amend his claims against state prosecutors, he was cautioned that he must allege facts showing that they "fabricated evidence during the early stage of the investigation, provided legal advice to the police in the investigative phase of a criminal case, or attested to the truth of evidence in support of charging documents," such that their conduct fell outside the immunity afforded them in roles as advocates for the government. The amended complaint sets out no such facts. Similarly, the amended complaint fails to set out facts, as opposed to mere conclusions, that Officer James Fischer, or any other police officer, engaged in any conduct violative of Finley's rights. Accordingly, the complaint must be dismissed.

Although it remains far from clear that any facts exist that would support a viable claim, Finley will be given one last opportunity to amend. Finley should review the prior dismissal order with care, and determine whether he can, in good faith, make the types of factual allegations described in that order as necessary to state a claim. Finley shall *not* continue to name judges as defendants. Finley may wish to schedule an appointment with the *pro se* help desk, either by calling 415-782-8982 or by signing up in the appointment book located on the table outside the door of the Legal Help Center at the United States Courthouse, 450 Golden Gate Avenue, 15th Floor, Room 2796, in San Francisco, California.

Finley shall file any Second Amended Complaint no later than December 29, 2014. If no amended complaint is filed by that date, the action will be dismissed and the file closed without further notice.

1   **IT IS SO ORDERED**.

3   Dated:   November 17, 2014

_____
RICHARD SEEBORG
United States District Judge