UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINCOLN D. FINLEY, | Case No. 14-cv-00913-RS |
| Plaintiff, | |
| v. | **ORDER DISMISSING SECOND AMENDED COMPLAINT IN PART, AND DIRECTING SERVICE** |
| JAMES FISCHER, et al., | |
| Defendants. | |

Appearing *pro se*, plaintiff Lincoln D. Finley initiated this action by filing what he labeled as a "petition for writ of certiorari," which the then-assigned judicial officer construed as a complaint, and dismissed, with leave to amend in part. Finley subsequently filed a first amended complaint (Dkt. No. 16, entitled simply "Complaint), which was also dismissed, with partial leave to amend.  Finley has now filed a Second Amended Complaint ("SAC"), which like the prior pleadings, is subject to a mandatory and sua sponte review and dismissal if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*).

Section 1915(e)(2) mandates that the court reviewing an *in forma pauperis* complaint rule on its own motion to dismiss before directing that the complaint be served by the United States Marshal pursuant to Federal Rule of Civil Procedure (Rule) 4(c)(2). *Lopez*, 203 F.3d at 1127; see also *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that the language of §

1915(e) (2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)).  As the United States Supreme Court has explained, "[the in forma pauperis statute] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).

The SAC continues to name as defendants several individuals who allegedly are assistant District Attorneys and who apparently played some unspecified role in state court criminal proceedings brought against Finley.  The prior orders expressly advised Finley he could not pursue claims against such persons absent facts that they "fabricated evidence during the early stage of the investigation, provided legal advice to the police in the investigative phase of a criminal case, or attested to the truth of evidence in support of charging documents," such that their conduct fell outside the immunity afforded them in roles as advocates for the government.  The SAC sets out no such facts.  Given the repeated failure to offer any such allegations, the claims against defendants Youssef Jacob-Elias, Amy Ai-Mei Deng, Daniel Gipsman Roisman, Allyson Bennett Donovan, Nicholas C. Homer, and Veronica Amaya Rios are dismissed without leave to amend.

The allegations against the police officer defendants, Officer James Fisher and Officer Michael Agosta, remain thin.  Without concluding that those allegations necessarily satisfy minimal pleading standards, and without prejudice to a dismissal motion on that or any other grounds, however, the SAC will be deemed sufficient to permit plaintiff to proceed at this juncture.  Accordingly, it is ordered that the U.S. Marshal for the Northern District of California serve, without prepayment of fees, a copy of the complaint, any amendments, scheduling orders, attachments, plaintiff's affidavit and this order upon defendants Fisher and Agosta.

**IT IS SO ORDERED**.

Dated:  January 23, 2015

_____
RICHARD SEEBORG
United States District Judge