UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINCOLN D. FINLEY,<br><br>Plaintiff,<br><br>v.<br><br>JAMES FISHER, et al.,<br><br>Defendants. | Case No. 14-cv-00913-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 25 |

Pending before the Court is a motion filed by Defendants James Fisher and Michael Agosta to dismiss pro se Plaintiff Lincoln Finley's Second Amended Complaint ("SAC"). Dkt. No. 25. Because the Court agrees with Defendants that Plaintiff's § 1983 is not cognizable under *Heck v. Humphrey*, 512 U.S. 477 (1994), the Court GRANTS the motion. To the extent Plaintiff is able to state a claim that is not barred by *Heck*, the Court also GRANTS Plaintiff's request for leave to amend his complaint.

**I.   BACKGROUND**

The following allegations are taken as true for purposes of deciding this motion to dismiss.

**A.   State Proceeding**

On July 25, 2012, Plaintiff was playing basketball with his child. SAC at 5:8-9. A bystander, Richard Parker, called the Alameda Police Department to report that he was concerned for the child's safety because Plaintiff was intoxicated and was going to drive home. *Id.* at 5:3-9. A few minutes after the initial 911 call, Mr. Parker called the Alameda Police Department again to report that Plaintiff was now in a red Toyota Camry "parked in the middle of the street." *Id.* at 5:12-14.

When Defendants arrived, they "activated [their] emergency lights and conducted a traffic stop." *Id.* at 5:27-28. Defendant Fisher approached Plaintiff's car and noticed that he was on his

cell phone. *Id.* at 6:1-3.  Plaintiff's car then "proceeded to drive [westbound] in the 700 Block of Central Avenue, approximately 15 to 20 feet, hitting the curb before coming to a complete stop." *Id.* at 6:5-7.  Defendants again approached the car and observed that Plaintiff had "red watery eyes" and "a strong odor of an alcoholic beverage about his breath." *Id.* at 6:8-11.  After Plaintiff "failed to complete the Field Sobriety tests as directed," Defendants arrested Plaintiff and took him to North County Jail. *Id.* at 6:15-16.  The child in Plaintiff's car informed Defendants that he was Plaintiff's son. *Id.* at 7:12.  Defendants called the child's mother, who came to the police station to pick him up. *Id.* at 7:13-15.

Plaintiff also alleges that Defendant Fisher provided the child who was in Plaintiff's car with a "Victims of Domestic Violence" resource pamphlet. *Id.* at 7:17-18.  Defendant Fisher advised a nearby hospital "of a sexual assault crime" and advised the child of his right to an advocate before "any initial medical, evidentiary, or physical examination per 264.2 P.C." *Id.* at 7:17-23.  Defendant Fisher also submitted "APD Form 1- Alameda Police Department Victim Confidentiality Request, marking that there had been a sexual assault crime." *Id.* at 9:4-6.

On July 27, 2012, Plaintiff first appeared in the Superior Court of Alameda County on a charge of driving under the influence of alcohol in violation of California Vehicle Code § 23152(a).[1]  On August 10, 2012, Plaintiff appeared with his counsel and entered a plea of not guilty.  On April 18, 2014, Plaintiff filed a motion to suppress evidence, arguing that he was arrested "without a warrant and without probable cause."  It is unclear whether this motion was ever heard.  Plaintiff changed his plea to "no contest" on May 7, 2014, and was subsequently found guilty of the charges against him.

### B. Federal Proceeding

On February 28, 2014, Plaintiff initiated this § 1983 lawsuit seeking damages stemming

---

[1] Defendants request that the Court take judicial notice of this and the other facts included herein related to Plaintiff's state criminal proceeding and conviction. Dkt. No. 26.  Plaintiff does not object.  Courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (internal quotation marks and citations omitted).  The Court finds that Plaintiff's state criminal proceeding is directly related to the *Heck* analysis and therefore grants Defendants' request.

2

from his arrest and prosecution in state court for driving while intoxicated by filing a "petition for writ of certiorari," Dkt. No. 1, which the Court construed as a complaint and dismissed with leave to amend, Dkt. No. 6.  On June 23, 2014, Plaintiff filed a first amended complaint, entitled "Complaint."  Dkt. No. 16.  The Court also dismissed this complaint, finding that it asserted claims against state judicial officers who are entitled to absolute immunity and failed to set out facts sufficient to support a claim that the police officer defendants—Defendants Fisher and Agosta—engaged in any conduct violative of Plaintiff's rights.  Dkt. No. 17.  The Court granted Plaintiff "one last opportunity to amend."  *Id.*

On December 29, 2014, Plaintiff filed his Second Amended Complaint ("SAC").  Dkt. No. 18.  Because the SAC did not present any facts to show that the district attorney defendants' conduct fell outside of the absolute immunity given to them in their roles as advocates for the government, the Court dismissed with prejudice all of Plaintiff's claims against those defendants.  *See* Dkt. No. 20.  However, the Court allowed Plaintiff's suit to proceed against Defendants Fisher and Agosta, while noting that Plaintiff's allegations against those defendants "remain thin."  *Id.* ("Without concluding that those allegations necessarily satisfy minimal pleading standards, and without prejudice to a dismissal motion on that or any other grounds, however, the SAC will be deemed sufficient to permit plaintiff to proceed at this juncture.").

Defendants responded to the SAC by filing the present motion to dismiss.

## II.    DISCUSSION

### A.    Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although courts do not require "heightened fact pleading of specifics," *Twombly*, 550 U.S. at 570, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

3

do," *id.* at 555. The plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id.*

### B. Plaintiff's § 1983 Claim Is Barred Under *Heck v. Humphrey*

In *Heck v. Humphrey*, the Supreme Court considered a § 1983 claim brought by a plaintiff who was simultaneously pursuing an appeal in state court of his conviction for voluntary manslaughter. 512 U.S. at 478. In federal court, the plaintiff sought damages resulting from the allegedly "unlawful, unreasonable, and arbitrary investigation" conducted by state officials leading to his arrest, and the destruction and manipulation of evidence during the state criminal proceeding by those same officials. *Id.* at 479. In affirming the dismissal of the plaintiff's § 1983 claims, the Supreme Court held that "in order to recover damages for . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* The Court directed district courts to "consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

While "the Supreme Court left open the question whether Heck's bar applies to Fourth Amendment violations," the Ninth Circuit has since "answered that question in the affirmative." *Whitaker v. Garcetti*, 486 F.3d 572, 583 (9th Cir. 2007). In *Harvey v. Waldron*, the Ninth Circuit held that Section 1983 claims that allege "illegal search and seizure of evidence upon which criminal charges are based" must be dismissed under *Heck*. 210 F.3d 1008, 1015 (9th Cir. 2000) (affirming dismissal of plaintiff's § 1983 claims seeking damages related to an allegedly unlawful search and seizure because the seized gaming devices formed the evidentiary basis of plaintiff's criminal conviction for illegal possession of gaming devices); *see also Whitaker*, 486 F.3d at 584 ("[Plaintiffs] claim that Defendants committed judicial deception to obtain the wiretap warrants and then impermissibly hid the existence of, and evidence produced by, those wiretaps—evidence that triggered the police investigations and state prosecutions against them. In other words, they

challenge the search and seizure of the evidence upon which their criminal charges and convictions were based. *Heck* and *Harvey* bar such a collateral attack through the vehicle of a civil suit."); *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (affirming dismissal of plaintiff's § 1983 claim that defendant police officers lacked probable cause to arrest him and brought unfounded criminal charges against him because plaintiff "may challenge the validity of his arrest, prosecution and conviction only by writ of habeas corpus").

The Ninth Circuit's decision in *Ove v. Gwinn*, 264 F.3d 817 (2001), adds a wrinkle to the *Heck* analysis. In *Ove*, the plaintiffs were separately arrested for suspicion of driving under the influence of alcohol. 264 F.3d at 820. The plaintiffs consented to blood tests, which were then taken by nurses who contracted with the municipality defendants to administer such tests. *Id.* After pleading guilty to and being convicted of the criminal charges against them, the plaintiffs brought a § 1983 action challenging the qualifications of the nurse contractors to draw their blood and handle syringes. *Id.* The Ninth Circuit held that the plaintiffs' § 1983 claim was not barred by *Heck* because

> it is apparent that the plaintiffs' lawsuit, even if successful, would not necessarily imply the invalidity of [plaintiffs'] DUI convictions. Their lawsuit concerns the way in which their blood was drawn. But blood evidence was not introduced against them. *No* evidence was introduced against them. They pleaded guilty or nolo contendere, respectively. *Their convictions derive from their pleas, not from verdicts obtained with supposedly illegal evidence*. The validity of their convictions does not in any way depend upon the legality of the blood draws. Conspicuously missing from this case is any contention that [plaintiffs'] pleas were illegal, involuntary or without factual bases.

*Id.* at 823 (emphasis in original).

As alleged in the SAC, Plaintiff bases his § 1983 claim on Defendants' alleged lack of probable cause to arrest Plaintiff for driving while intoxicated and resulting false imprisonment of Plaintiff. *See* SAC at 3:19-25. The Court finds that Plaintiff's claim is more similar to those at issue in *Whitaker* and *Smithart* than the claim at issue in *Ove*, because finding in Plaintiff's favor on his § 1983 claim would necessarily imply the invalidity of his arrest, on which his criminal charges and conviction were based. Plaintiff challenges the very existence of evidence that would justify his arrest, criminal charges, and conviction, as opposed to challenging the way in which

such evidence was obtained or used.

The Court concludes that, under *Heck*, Plaintiff's § 1983 claim must be dismissed. *See Heck*, 512 U.S. at 487; *Whitaker*, 486 F.3d at 584; *Harvey*, 210 F.3d at 1015; *Smithart*, 79 F.3d at 952. As such, the Court does not reach the merits of Plaintiff's claim. Unless and until his conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," Plaintiff's § 1983 claim as currently pled is not cognizable. *Heck*, 512 U.S. at 487. The Court grants Plaintiff one final opportunity to amend his complaint to the extent he can state a claim that is not barred by *Heck*. For the reasons set out above, any amended complaint cannot be based on a claim that the Defendants did not have probable cause to arrest Plaintiff.

### C.   The SAC Otherwise Fails To State A Claim Under *Twombly*

The only facts alleged by Plaintiff that could possibly fall outside the reach of *Heck*'s bar are that Defendant Fisher 1) "provided the victim with a 'Victims of Domestic Violence resource pamphlet,'" 2) "advised Highland Hospital of a sexual assault crime, prior to any initial medical, evidentiary, or physical examination," and 3) "falsified evidence" by submitting a "Victim Confidentiality Request" that indicated that Plaintiff's child had been the victim of a sexual assault crime. SAC at 7:17-23, 9:4-6. Since Plaintiff's criminal charge of driving while intoxicated was not based on this evidence, finding in Plaintiff's favor would not disturb his criminal conviction.

However, the Court finds that Plaintiff has not stated a claim on the basis of these facts. Plaintiff does not allege that he was deprived of any specific legal right by Defendant Fisher's actions. Nor does Plaintiff allege that he suffered any resulting damage. Therefore, Plaintiff has not stated a claim under *Twombly*. The complaint does not sufficiently identify for Defendants (or the Court) why and how these facts could give rise to a claim under section 1983 or any other law.

//
//
//
//

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss the SAC WITH LEAVE TO AMEND. The Court cautions Plaintiff to carefully consider the above analysis when amending his complaint. To the extent Plaintiff is able to state a claim that comports with the requirements of *Twombly* and is not barred by *Heck*, such amended claim shall be filed within 21 days of the date of this Order.

**IT IS SO ORDERED.**

Dated: June 1, 2015

HAYWOOD S. GILLIAM, JR.
United States District Judge