UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINCOLN D. FINLEY,<br><br>  Plaintiff,<br><br>  v.<br><br>JAMES FISHER, et al.,<br><br>  Defendants. | Case No.  14-cv-00913-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS FOURTH AMENDED COMPLAINT**<br><br>Re: Dkt. No. 40 |

Pending before the Court is a motion filed by Defendants James Fisher and Michael Agosta to dismiss *pro se* Plaintiff Lincoln Finley's Fourth Amended Complaint ("FAC"). Dkt. No. 40. For the reasons stated below, the motion is GRANTED.

**I.   BACKGROUND**

Plaintiff filed this lawsuit on February 28, 2014. Dkt. No. 1. The Court dismissed Plaintiff's initial complaint with leave to amend. Dkt. No. 6. On June 23, 2014, Plaintiff filed a first amended complaint, entitled "Complaint." Dkt. No. 16. The Court also dismissed this complaint and granted Plaintiff "one last opportunity to amend." Dkt. No. 17.

On December 29, 2014, Plaintiff filed his Second Amended Complaint ("SAC"). Dkt. No. 18. Because the SAC did not present any facts to show that the district attorney defendants' conduct fell outside of the absolute immunity given to them in their roles as advocates for the government, the Court dismissed with prejudice all of Plaintiff's claims against those defendants. *See* Dkt. No. 20. However, the Court allowed Plaintiff's suit to proceed against Defendants Fisher and Agosta, while noting that Plaintiff's allegations against those defendants "remain thin." *Id.*

On June 1, 2015, the Court granted Defendants' motion to dismiss the SAC. Dkt. No. 36. The Court granted Plaintiff leave to amend to the extent he was able to state a claim not barred by

1   *Heck v. Humphrey*, 512 U.S. 477 (1994). *Id.* at 1.

2   On June 15, 2015, Plaintiff filed a document called "Third Amended Complaint." Dkt. No. 37. The Court construed the filing as a motion for reconsideration of the June 1 Order, denied the motion, granted Plaintiff "one final opportunity to amend his complaint," and warned Plaintiff that the Court would not grant any further leave to amend. Dkt. No. 38 at 2.

On July 17, 2015, Plaintiff filed the operative FAC. Dkt. No. 39. In substance, the FAC is almost identical to the SAC. Plaintiff alleges a series facts surrounding his arrest, detention, and prosecution related to a charge of driving under the influence of alcohol in violation of California Vehicle Code § 23152(a), to which Plaintiff eventually pleaded no contest. These factual allegations are substantially similar to those alleged in the SAC.[1] The only new factual allegation the Court is able to discern in the FAC is Plaintiff's contention that

> Defendants Officer Fisher and Officer Agosta caused Plaintiff to be subjected in the Santa Rita County Jail to a **strip search of his body**, including his rectal cavity, in a situation where there was no reason to believe that weapons or contraband had been concealed on or in his body . . . .

FAC ¶ 37 (emphasis in original).

Based on these allegations, Plaintiff brings nine causes of action: (1) "Violations of 42 U.S.C. 1983: Arrest"; (2) "Violations of 42 U.S.C. 1983: Detention and Confinement"; (3) "Violations of 42 U.S.C. 1983: Strip Search"; (4) "Violations of 42 U.S.C. 1983: Conspiracy"; (5) "Violations of 42 U.S.C. 1983: Refusing or Neglecting to Prevent"; (6) "Malicious Prosecution"; (7) "Malicious Abuse of Process"; (8) "Violation of Civil Rights Act"; and (9) "False Arrest and Imprisonment."

## II.   DISCUSSION

Plaintiff has failed to cure the defects identified by the Court in the June 1 Order. In the FAC, Plaintiff alleges a host of claims that are barred by *Heck*, because "finding in Plaintiff's favor on [those claims] would necessarily imply the invalidity of his arrest, on which his criminal charges and conviction were based." Dkt. No. 36 at 5. Indeed, Plaintiff dedicated most of his

---

[1] The Court does not repeat the allegations, which are detailed in the June 1 Order, here. Dkt. No. 36 at 1-2.

opposition brief to arguing the merits of the *Heck* decision. *See* Dkt. No. 42 at 4-7. Under the well-settled principle of *stare decisis*, this Court is bound by the *Heck* ruling.

The only claim that appears to be outside the bounds of *Heck*'s bar is Plaintiff's third cause of action based on a strip search conducted at Santa Rita County Jail. However, Plaintiff alleges only that "Defendants Officer Fisher and Officer Agosta *caused Plaintiff to be subjected to*" a strip search. FAC ¶ 37 (emphasis added). Plaintiff does not allege that Defendants Fisher and Agosta actually conducted the strip search or plausibly explain how the arresting officers "caused" the search. Nor does he identify any other individuals who conducted the allegedly injurious search. Accordingly, Plaintiff's third cause of action fails to state a claim upon which relief may be granted and must be dismissed under Federal Rule of Civil Procedure 12(b)(6).[2]

In the June 1 Order, the Court warned Plaintiff that his case would be dismissed without leave to amend in the event that his amended complaint failed to comport with that Order or the Federal Rules of Civil Procedure. Dkt. No. 36 at 7. Because the FAC again fails to state a cognizable claim, the Court finds that further amendment would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (explaining that leave to amend should be given unless amendment would be futile); *see also Chodos v. W. Publ'g Co.,* 292 F.3d 992, 1003 (9th Cir. 2002) (noting that a district court's discretion to deny leave to amend is particularly broad when it has afforded plaintiff one or more opportunities to amend).

//
//
//
//

---

[2] Moreover, the Court doubts that Plaintiff would ever be able to state a claim based on the factual allegations in the FAC even if he were to identify those individuals who allegedly conducted the strip search. The Supreme Court has made clear that standard strip searches of detainees do not violate the Fourth Amendment. *Florence v. Board of Chosen Freeholders of Cnty. of Burlington*, 132 S. Ct. 1510, 1523 (2012) (holding that strip searches involving the removal of an arrestee's clothing and visual inspection of the arrestee's ears, nose, mouth, hair, scalp, skin, "other body openings," genitalia, and rectal cavity, "regardless of the circumstances of the arrest, the suspected offense, or the detainee's behavior, demeanor, or criminal history," are reasonable searches under the Fourth Amendment).

3

### III. CONCLUSION

Defendants' motion is GRANTED WITHOUT LEAVE TO AMEND. The Clerk shall terminate all pending motions and close the file.

**IT IS SO ORDERED.**

Dated: December 9, 2015

*Haywood S. Gilliam, Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge